IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CINDY JOHNSON,<br><br>               Plaintiff,<br><br>vs.<br><br>CLINT FRIEL, Warden of the Utah State Prison in an individual capacity; SERGEANT SORIAZ, in his indivivual capacity; JOHN DOES 1-10, in their individual capacities; JANE DOES 1-10, in their individual capacities,<br><br>               Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:07CV123DAK |

      This matter is before the court on Defendant Friel's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  The court held a hearing on the motion on September 14, 2007.  Plaintiff's counsel failed to make an appearance, and Defendant was represented by Scott Cheney.  Due to the absence of Plaintiff's counsel, the court took the motion under advisement based upon the submitted memoranda.  After carefully considering the pleadings and memoranda submitted by the parties, as well as the law and facts relevant to the motion, the court issues the following Memorandum Decision and Order**.**

## BACKGROUND

      Plaintiff is an inmate at the Utah State Prison.  On March 2, 2007, the Plaintiff filed a complaint alleging that she had been the victim of repeated sexual assaults which occurred over a

period of approximately two years beginning sometime in the year 2000. The complaint specifically alleges causes of action under 42 U.S.C. § 1983 for a "Substantive Due Process Violation," "Conditions of Confinement," "Failure to Supervise," and "Failure to Train" in violation of the Eighth and/or Fourteenth Amendments.

The precise time line as set forth in the complaint is unclear, but the relevant facts appear to be as follows:

Sometime during the year 2000, Plaintiff was being held at the Olympus Mental Health Facility ("Olympus"). During her stay at Olympus, Plaintiff was on numerous medications for pain and mental stability while recovering after an attempted suicide. While at Olympus, Plaintiff alleges that she was repeatedly sexually assaulted by Defendant Sergeant Soriaz. Plaintiff further alleges that when her cell mate reported the alleged abuse sometime during the year 2002, she was moved to an intake cell for 68 days and forced to sleep on a metal cot before being returned to Olympus. After being moved back to Olympus, Plaintiff claims that she was moved to maximum confinement and "heavily medicated" for the next two years. Plaintiff claims that prison officials, specifically Defendant Friel, failed in their individual capacities to stop and/or prevent the abuse after having notice.

## DISCUSSION

**I. <u>Motion to Dismiss</u>**

Defendant Friel moves to dismiss Plaintiff's complaint because it fails to set forth sufficient facts to establish the "affirmative link" that is required for supervisor liability. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001) (finding that plaintiff must establish an affirmative link between each defendant's conduct and

the alleged constitutional violation for § 1983 claims).

Defendant Friel contends that Plaintiff has only made the generic conclusory allegations that: "Defendant Friel . . . exhibited deliberate indifference to a substantial risk of harm," (Compl. ¶ 35); "liability is asserted against Defendant Warden Friel . . . based upon customs, policies and practices, and their failure to adequately supervise their personnel," (Compl. ¶ 38); and "upon information and belief defendants had notice of the continuing practices . . . and failed to take proper preventative measures." (Compl. ¶ 39).  Defendant Friel argues that these are simply conclusory generic assertions that do not establish any actual involvement, or show personal participation in Plaintiff's alleged injuries.

Plaintiff acknowledges the "affirmative link" requirement but insists that to satisfy this requirement, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur.  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).  Plaintiff insists that the complaint, by its plain language, specifically alleges that Defendant Friel demonstrated "deliberate indifference," and failed to take action upon notice of constitutional violations.  Plaintiff contends that these allegations are sufficient to satisfy the "affirmative link" requirement.

For claims arising "[u]nder § 1983, government officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colorado Dept. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).  Supervisors can only be held liable upon a showing that they were "personally 'involved in the constitutional violation,' and [that] a 'sufficient causal connection' . . . exist[s] between the supervisor and the constitutional violation." *Id.* (citation omitted).

In order to establish an "affirmative link," Plaintiff "must show that a supervisory

defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). An "affirmative link" may be established based on "'the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.'" *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)). In order for a supervisor "to be guilty of 'deliberate indifference,' the defendant must know he is 'creating a substantial risk of bodily harm.'" *Green*, 108 F.3d at 1304 (citation omitted).

Assuming the truth of the allegations set forth in the complaint, and drawing all permissible inferences in a light most favorable to the Plaintiff, Plaintiff has failed to sufficiently allege specific facts in order to establish an **"affirmative link"** between Defendant Friel's conduct and the alleged constitutional violations.

Plaintiff states generic conclusory allegations against Defendant Friel that are not sufficient to establish an "affirmative link." Simply alleging that Defendant Friel "exhibited deliberate indifference" without factual support alleging specific conduct is not sufficient to establish supervisor liability. Plaintiff has not alleged specific facts to show that Defendant Friel was personally involved in the alleged constitutional violations, or that he took any direct actions. There are no factual allegations set forth in the complaint to demonstrate how "deliberate indifference" was exhibited by Defendant Friel.

Furthermore, the complaint does not specifically allege any facts regarding how, when or whether Defendant Friel ever had notice of a problem either in the training program or with the supervision of the officer who is alleged to have abused Plaintiff. There are no alleged facts to show that Defendant Friel had any direct supervisory role over Defendant Soriaz, or that

Defendant Friel had any direct role in training Defendant Soriaz or any other Utah State Prison officers. Plaintiff also does not point to any specific custom, practice, or systematic omission in the training of Utah State Prison officers.

Finally, Plaintiff fails to allege any specific facts to show that Defendant Friel had notice of the alleged constitutional violations. Plaintiff has made the allegation that "[s]ometime during the year 2002, Ms. Johnson's cell mate reported the ongoing abuse of Ms. Johnson at the hands of Sergeant Soriaz." (Compl. ¶ 22). This allegation however does not specifically set forth who was notified, how this notification was made, and how or when this alleged notification was communicated to Defendant Friel. Plaintiff's reliance on the unsupported assertion that Defendant Friel had notice of the alleged constitutional violations and failed to take proper preventative measures is not sufficient to establish an "affirmative link."

Based on the plaintiff's reliance on generic conclusory allegations, the absence of sufficient specific factual allegations, and the fact that plaintiff has not sought to amend the complaint, plaintiff has failed to state a claim upon which relief can be granted.

## II. Order to Show Cause

Plaintiff filed the complaint in this action on February 28, 2007. Defense counsel contends that plaintiff has not effectuated service upon any of the remaining named defendants. Rule 4(m) of the Federal Rules of Civil Procedure requires the dismissal of an action if a defendant is not served within 120 days after the complaint is filed. Plaintiff is hereby ORDERED to show cause why this court should not dismiss the remainder of this action. Plaintiff is directed to respond in writing within 15 days from the date of this Order. Failure to so respond will result in the court dismissing the remainder of the plaintiff's action pursuant to

Fed. R. Civ. P. 4(m).

## CONCLUSION

For the reasons stated above, Defendant Friel's Motion to Dismiss is GRANTED. Each party to bear her and his own costs. Plaintiff is hereby ORDERED to show cause why this court should not dismiss the remainder of this action. Plaintiff is directed to respond in writing within 15 days, or the remainder of this action will be dismissed.

DATED this 24th day of October, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge